UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHU QIN XU,

       Plaintiff,         **DECISION AND ORDER**
                    13-CV-323 (WFK) (RML)

   -*against*-

WAI MEI HO, WILD GINSENG BIRDNEST
INC., FOREVER NEST TRADING INC.,
GINSENG TOWN TRADING INC., AND
GINSENG WILD TRADING INC.,

       Defendants.
-----------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

   Plaintiff Shu Qin Xu ("Plaintiff") brings this suit against Wai Mei Ho ("WMH"), Wild Ginseng Birdnest Inc. ("WGB"), Forever Nest Trading Inc. ("FNT"), Ginseng Town Trading Inc. ("GTT"), and Ginseng Wild Trading Inc. ("GWT") (collectively "Defendants") for unpaid minimum wage, overtime wages, and spread of hours pay during her employment as a saleswoman for stores owned by Defendants. Plaintiff brings her claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL") § 652 and associated regulations. Plaintiff and Defendants both move for summary judgment. Dkt. 15-1 ("P's SJ Motion"); Dkt. 16-3 ("Ds' SJ Motion"). For the reasons stated below, Plaintiff's motion for summary judgment is GRANTED IN PART and DENIED IN PART, and Defendants' motion is GRANTED IN PART and DENIED IN PART.

## FACTUAL AND PROCEDURAL HISTORY

### I.  Factual Background

   Plaintiff alleges she worked as a saleswoman at retail stores owned by Defendant WMH between December 2000 and July 2012. Dkt. 15-2 ("Plaintiff Rule 56.1 Statement") at ¶¶ 1-8. Defendants, however, allege she was a manager. Dkt. 17-1 ("Defendants Rule 56.1 Statement") at ¶ 1. During this period, Plaintiff alleges she worked sixty hour weeks with no breaks, was paid between $300.00 and $400.00 per week, and was never informed of her rights to minimum wage, overtime wage, or spread of hours wages under FLSA or NYLL. Plaintiff Rule 56.1 Statement at ¶¶ 9-13. Plaintiff further alleges that Defendants did not post notices regarding

federal or state labor laws, did not provide Plaintiff with wage statements illustrating hours worked or hourly wage, and did not maintain written contemporaneous records of Plaintiff's hours or wages. *Id.* at ¶¶ 12, 14-17.

Defendants claim Plaintiff worked for FNT and WGB from 2006 to 2010 rather than 2000 to 2012. Defendants Rule 56.1 Statement at ¶ 7. Defendants also claim WNH paid Plaintiff $600.00 by check each month as well as $300.00 to $400.00 per week in cash, and that Plaintiff received regular breaks and vacation time. *Id.* at ¶¶ 9, 11. Defendants do not dispute Plaintiff's statements regarding notification to Plaintiff of her rights or posting of notices. *Id.* at ¶¶ 13-14. However, they dispute Plaintiff's statements regarding the lack of record-keeping and failure to provide wage statements. *Id.* at ¶¶ 12, 15. Defendants further provide testimony and affidavits that, as a manager, Plaintiff herself was in charge of record-keeping. Dkt. 15-6 ("WMH Dep. 1"); Dkt. 17-8 ("Affidavits").

## II. Procedural History

On January 18, 2013, Plaintiff filed this action for unpaid minimum wage, overtime wages, and spread of hours pay under FLSA and NYLL. Dkt. 1 ("Complaint") at ¶¶ 38-64. Plaintiff also sued for punitive damages. *Id.* at ¶¶ 65-66.

On July 11, 2014, Plaintiff moved for summary judgment. P's SJ Motion. On September 22, 2014, Defendants filed (1) a cross-motion for summary judgment, (2) a memorandum of law opposing Plaintiff's summary judgment motion, and (3) a reply to Plaintiff's opposition to Defendants' summary judgment motion. *See* Ds' SJ Motion; Dkt. 17 ("Ds' Opp."); Dkt. 18 ("Reply"). On September 26, 2014, Plaintiff filed a memorandum of law opposing Defendants' summary judgment motion. Dkt. 19 ("P's Opp.").

Plaintiff argues she is entitled to summary judgment because she has demonstrated Defendants undisputedly failed to pay her the minimum wage, overtime, or spread of hours pay. P's SJ Motion at 10-18. Defendants argue they are entitled to summary judgment because Plaintiff's FLSA claims are time-barred. D's Opp. at 4-7; D's SJ Motion at 6-8.

## ANALYSIS

### I.  Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must show absence of a genuine issue for trial by citation to materials in the record, including depositions, affidavits, declarations, and electronically stored information. Fed. R. Civ. P. 56(c)(1)(A). Affidavits and declarations, whether supporting or opposing a summary judgment motion, "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see also Patterson v. Cnty of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004) (citations omitted).

"In determining whether summary judgment is appropriate, [the] Court will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks and citations omitted). The role of the district court is not to weigh the evidence and determine the truth of the matter, but rather to perform "the threshold inquiry of whether there is the need for a trial[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The district court reviews the movant's support for its claim that the record "could not lead a rational trier of fact to find for the non-moving party." *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*,

263 F.3d 208, 212 (2d Cir. 2001) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)) (internal quotation marks omitted).

If the moving party fulfills its preliminary burden, the burden shifts to the non-movant to come forward with "specific facts showing that there is a genuine issue for trial." *Cityspec, Inc. v. Smith*, 617 F. Supp. 2d 161, 168 (E.D.N.Y. 2009) (Wexler, J.) (citing *Matsushita*, 475 U.S. at 586) (internal quotation marks omitted). "The mere existence of a scintilla of evidence" in support of the non-movant will be insufficient to defeat a summary judgment motion. *Anderson*, 477 U.S. at 252. Rather, the non-moving party must make a showing sufficient to establish the existence of each element constituting its case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial."). Conclusory statements, devoid of specifics, are insufficient to defeat a properly supported motion for summary judgment. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 451-52 (2d Cir. 1999); *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).

## II.   Statute of Limitations

### A. FLSA and NYLL Statute of Limitations

The Court first turns to the issue of whether Plaintiff's claims are barred by the statute of limitations because, if they are, the Court need not address Plaintiff's substantive claims. "A cause of action under the FLSA accrues on the regular payday immediately following the work period for which services were rendered and not properly compensated." *D'Arpa v. Runway Towing Corp.*, 12-CV-1120, 2013 WL 3010810, at *5 (E.D.N.Y. June 18, 2013) (Gleeson, J.) (internal citation and quotation marks omitted). The FLSA "provides a two year statute of limitations on actions to enforce its provisions, except that a cause of action arising out of a

willful violation may be commenced within three years after the cause of action accrued." *Parada v. Banco Industrial de Venezuela, C.A.*, 753 F.3d 62, 70 (2d Cir. 2014) (citing 29 U.S.C. § 255(a)) (internal quotation marks omitted). "For an employer's actions to be willful, the employer must have either known or shown reckless disregard for the matter of whether its conduct was prohibited by the FLSA." *D'Arpa*, 2013 WL 3010810 at *4 (internal citation, quotation marks, and brackets omitted). "Courts in this Circuit have generally left the question of willfulness to the trier of fact." *Id.* (internal citation and quotation marks omitted). Additionally, a time-barred complaint may proceed if the Court finds a basis for equitable tolling. *Parada*, 753 F.3d at 71.

In contrast to FLSA claims, NYLL claims have a six-year statute of limitations with no showing of willfulness required. *Guaman v. Krill Contracting, Inc.*, 14-CV-4242, 2015 WL 3620364, at *5 (E.D.N.Y. June 9, 2015) (Block, J.); *He v. Home on 8th Corp.*, 09-CV-5630, 2014 WL 3974670 at *6 (S.D.N.Y. Aug. 13, 2014) (Daniels, J.). "[F]ederal district courts apply the same standard for equitable tolling of [NYLL] claims as for tolling FLSA claims." *Ramirez v. Rifkin*, 568 F.Supp.2d 262, 273 (E.D.N.Y. 2008) (Bianco, J.) (citation omitted).

**B. Accrual of Plaintiff's Claims**

Defendants argue Plaintiff's claims accrued no later than 2006, when Defendants allege her employment began. D's SJ Motion at 10. However, Defendants misconstrue the law regarding accruals of FLSA claims. "Courts have held that for the purposes of establishing the statute of limitations under FLSA, a new cause of action accrues with each payday following an allegedly unlawful pay period." *Addison v. Reitman Blacktop Inc.*, 283 F.R.D. 74, 81 (E.D.N.Y. 2011) (Spatt, J.) (internal citation and quotation marks omitted). As such, Plaintiff's latest FLSA

claim accrued on the payday after her last allegedly unlawful pay period which, as discussed below, would have been in 2010.

Defendants have provided copies of W-2 forms showing Plaintiff worked for FNT from 2006-2010. Dkt. 17-4 ("FNT W-2s"). Defendants also provide a New York State Employer Registration form and affidavits from Plaintiff's former employees showing that, in 2011, Plaintiff worked as President of her own company, Ginseng Dynasty, Inc. Dkt. 17-5 ("Ginseng Dynasty Forms"); Affidavits. In 2012, Plaintiff worked part-time for one of Defendant's businesses. Dkt. 17-6 ("P's Dep.") at 53-54; Dkt. 17-7 ("WMH Dep. 2"). Plaintiff concedes that, while working in 2012, she only worked 36 hours in total (roughly 5 hours for each week Plaintiff worked). P's Dep. at 53-54. Plaintiff's W-2 from 2012 shows she received $1,000.00 in compensation from WGB, which means Plaintiff was paid roughly $27.77 per hour in 2012 by WGB. Dkt. 17-11 ("WGB W-2"). The minimum wage in New York State in 2012 was $7.25 per hour. *See* New York State Department of Labor, History of the Hourly Minimum Wage, https://www.labor.ny.gov/stats/ minimum_wage.asp (last visited June 15, 2015). Accordingly, Plaintiff was not being paid less than minimum wage during her employment with Defendants in 2012.

Furthermore, FLSA and NYLL require overtime compensation for covered employees who work more than forty hours per week. 29 U.S.C. § 207(a); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (stating that "the NYLL adopts the same standard" as the FLSA definition of overtime into the New York Labor Law) (internal citation omitted). As Plaintiff admittedly was working only five hours a week in 2012, she was not working overtime. P's Dep. at 53-54. Finally, "spread of hours" pay under NYLL applies to employees whose interval between the beginning and end of their workday is longer

than 10 hours. *See* 12 N.Y.C.R.R. § 142-2.4. Again, because Plaintiff admitted she was working five hour weeks during 2012, she was not eligible for spread of hours pay during that time. Therefore, Plaintiff's claims could not have accrued in 2012.

Based on the foregoing evidence, Plaintiff's latest pay period was in 2010, and her claims accrued on the payday after that last pay period at the latest. *See* FNT W-2s. As such, any FLSA claims accruing after January 18, 2010 would not be time-barred if the Defendants' actions were willful. *Parada*, 753 F.3d at 70. Any FLSA claims accruing before January 18, 2010 would remain time-barred regardless of whether the violations were willful, since they would have accrued more than three years before the filing of the Complaint on January 18, 2013. *Id.*; Complaint. Furthermore, any NYLL claims accruing before January 18, 2007 would be time-barred under the NYLL six-year statute of limitations. *Guaman*, 2015 WL 3620364, at *5.

### C. Equitable Tolling

Plaintiff argues there is a basis for equitable tolling for any time-barred claims. P's Opp. at 10-15. "To qualify for equitable tolling, [Plaintiff] must establish that extraordinary circumstances prevented her from filing her claim on time, and that she acted with reasonable diligence throughout the period she seeks to toll." *Parada*, 753 F.3d at 71 (internal citation, quotation marks, and alterations omitted). Plaintiff's sole basis for equitable tolling is Defendants' failure to post notices or provide Plaintiff with statements of hours worked and wages earned. P's Opp. at 12. This is insufficient basis for equitable tolling, as it would provide for equitable tolling whenever a defendant violated FLSA and NYLL by failing to post notices or provide statements of hours and wages. *See, e.g., Guaman*, 2015 WL 3620364 at *6. The Court therefore DENIES Plaintiff's request for equitable tolling.

### D. Willfulness

The Court next considers whether Plaintiff's 2010 FLSA claims may proceed because Defendants acted willfully. Plaintiff has testified to working for Defendants without proper compensation, and claims the FLSA violation was willful because (1) Defendants paid Plaintiff in cash, (2) Defendants allegedly attempted to "conceal their corporate identity" and play a "corporate shell game," (3) Defendants failed to maintain records or train managers about FLSA or NYLL requirements, and (4) Defendants failed to post notices about FLSA and NYLL requirements or provide Plaintiff with statements of wages and hours worked. P's SJ Motion at 15-18; Plaintiff Rule 56.1 Statement at ¶¶ 12, 14-17. Defendants do not dispute that they did not pay overtime; their only response to the charge of willfulness is that Plaintiff has not shown Defendants knew of their FLSA obligations or acted recklessly in not paying overtime. D's SJ Motion at 8.

Plaintiff is correct. While Plaintiff's charge regarding the "corporate shell game" is unsupported, Defendants' own statements and omissions show willfulness in several respects. First, Defendants admit paying Plaintiff between $300.00 and $400.00 in cash per week and $600.00 by check per month. Defendants Rule 56.1 Statement at ¶ 11. Furthermore, Defendants have produced W-2s indicating Plaintiff was paid $7,200.00 per year (or $600.00 per month) from 2006 to 2010, but the W-2s do not reflect the purported weekly cash payments. FNT W-2s. Second, Defendants concede their failure to post notices regarding FLSA and NYLL rights. Defendants Rule 56.1 Statement at ¶¶ 13-14.

In *D'Arpa*, 2013 WL 3010810, the District Court of the Eastern District of New York granted summary judgment that the defendant-employer was willful where the defendant-employer only paid some employees by check and others by cash, only provided W-2s to the

employees paid by check, and admittedly paid less than overtime. *Id.* at \*2, \*4-\*5. Similar facts exist here: Defendants have made some payments in cash, only provided W-2s as to the payments made by check, and do not dispute paying less than overtime. Defendants Rule 56.1 Statement at ¶11; FNT W-2s; D's SJ Motion at 8. These factors support a finding of willfulness.

In addition to off-the-book cash payments, lack of posted notices of FLSA and NYLL rights can also support a finding of willfulness. *See, e.g., Zhengfang Liang v. Cafe Spice SB, Inc.*, 911 F. Supp. 2d 184, 200 (E.D.N.Y. Nov. 29, 2012) (Bianco, J.) (finding genuine issues of material fact regarding willfulness for FLSA statute of limitations purposes where plaintiff alleged defendants did not post notices of FLSA and NYLL rights and made off-the-book cash payments to employees) (citing *Moon v. Kwon*, 248 F. Supp. 2d 201, 231 (S.D.N.Y. 2002) (Lynch, J.) (finding willfulness for FLSA statute of limitations purposes where employer conceded not paying overtime and made off-the-book cash payments to avoid tax reporting)).

Here, Defendants do not dispute that (1) they did not post FLSA and NYLL notices, (2) they made cash payments, and (3) they did not provide overtime pay. Defendants Rule 56.1 Statement at ¶¶ 11, 13-14. Based on the foregoing record and law, Defendants actions are willful and Plaintiff's 2010 claims are not time-barred. Defendants' motion for summary judgment that Plaintiff's 2010 FLSA claims are time-barred is DENIED. However, Defendants' motion for summary judgment that Plaintiff's pre-2010 FLSA claims are time-barred is hereby GRANTED as they fall outside three-year statute of limitations for willful violations. Further, Defendants' motion for summary judgment that Plaintiff's pre-2007 NYLL claims are time-barred is hereby GRANTED as they fall outside NYLL's six-year statute of limitations. *Guaman*, 2015 WL 3620364, at \*5.

### III.   Plaintiff's Substantive Claims

9

Plaintiff alleges she was paid only $300.00 to $400.00 per week while working 60-hour weeks for Defendants. Complaint at ¶¶ 1-3, 30-35; Plaintiff Rule 56.1 Statement at ¶¶ 9-11. For a sixty-hour work week, $400.00 per week is $6.66 per hour, which is below the minimum wage applicable between 2006 and 2010 (ranging from $6.75 to $7.25 per hour). *See* New York State Department of Labor, History of the Hourly Minimum Wage, https://www.labor.ny.gov/stats/minimum_wage.asp (last visited June 15, 2015). Defendants claim Plaintiff was paid between $1,800.00 and $2,200.00 per month, which for a sixty-hour work week would be between $7.50 and $9.16 per hour; however, Defendants do not deny failing to pay overtime or spread of hours wages, nor do they deny that Plaintiff worked sixty hours a week. Defendants Rule 56.1 Statement at ¶ 11. Defendants have submitted W-2s showing Plaintiff was paid $600.00 per month or $150.00 per week, which does not support Defendants' claims of paying her between $1,800.00 and $2,200.00. FNT W-2s. Therefore, Defendants' sole defense against liability for Plaintiff's FLSA and NYLL claims rests on their assertion that they made undocumented, unreported cash payments to Plaintiff.

Plaintiff has produced her testimony and W-2s to support her claim that she was paid less than minimum wage, as well as no overtime or spread of hours wages. Plaintiff Rule 56.1 Statement at ¶¶ 9-11; FNT W-2s. Defendants claim to have paid Plaintiff minimum wage, and their admission of making cash payments creates a dispute of material fact as to exactly how much Plaintiff was paid. D's Opp. at 3; Defendants Rule 56.1 Statement at ¶ 11. Accordingly, the Court DENIES Plaintiff's motion for summary judgment on the ground that Plaintiff was not paid minimum wage.

Defendants further argue, citing the deposition of WMH and affidavits from other employees, that Plaintiff was an operations manager and in charge of the Defendants' store,

including supervising, hiring, and firing other employees. Dkt. 17-9 ("WMH Dep. 3"); Affidavits. FLSA and NYLL exempt employees who meet a four-prong *bona fide* executive test from overtime requirements. *Amash v. Home Depot U.S.A., Inc.*, 12-CV-837, 2014 WL 4119409, at *3-4 (N.D.N.Y. Aug. 21, 2014) (McAvoy, J.). The four-prong test requires that (1) the employee is paid at least $455.00 per week, (2) the employee's primary duty is management of the enterprise or a subdivision thereof, (3) the employee "customarily and regularly direct[s] the work of two or more other employees," and (4) who either has the authority to hire and fire other employees, or whose recommendations regarding such decisions are given "particular weight[.]" *Id.*; *see also* 29 C.F.R. § 541.100(a). The Court concludes the parties have genuine disputes over whether Plaintiff was a saleswoman or a *bona fide* executive. The parties dispute whether Plaintiff was paid over $455.00 a month and whether her primary duty was management. Complaint at ¶¶ 1-3, 30-35; Defendants Rule 56.1 Statement at ¶ 11; WMH Dep. 3; Affidavits. Accordingly, the Court DENIES summary judgment to both Plaintiff and Defendants on the issue of whether Plaintiff is entitled to overtime pay.

Regarding Plaintiff's claim of unpaid spread of hours pay, for the reasons described above, there are disputes of material fact over whether Plaintiff was paid above the minimum wage. Courts in New York have found that the spread of hours pay requirement only applies to those employees making minimum wage and not to those making more than minimum wage. *See, e.g.*, *Rui Xiang Huang v. J & A Entm't, Inc.*, 09-CV-5587, 2012 WL 6863918, at *8 (E.D.N.Y. Dec. 3, 2012) (Pohorelsky, Mag. J.). The Court therefore DENIES summary judgment to both Plaintiff and Defendants on Plaintiff's claim to spread of hours pay.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is hereby GRANTED as to willfulness for FLSA statute of limitations purposes, and DENIED as to all other matters. Defendants' motion for summary judgment is hereby GRANTED as to Plaintiff's pre-2010 FLSA claims and pre-2007 NYLL claims, and DENIED as to all other matters.

SO ORDERED.

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: June /3 2015
Brooklyn, New York